**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1292-25

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v

JONATHAN E. LIGHTSEY,

    Defendant-Respondent.

_____

Argued May 26, 2026 – Decided July 7, 2026

Before Judges Sabatino and Bergman.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Union County, Indictment No. 23-12-0850.

Milton S. Leibowitz, Assistant Prosecutor, argued the cause for appellant (William A. Daniel, Union County Prosecutor, attorney; Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

Scott M. Welfel, Assistant Deputy Public Defender, argued the cause for respondent (Jennifer N. Sellitti, Public Defender, attorney; Scott M. Welfel, of counsel and on the brief).

PER CURIAM

On leave granted, the State appeals from a trial court order dated November 6, 2025 suppressing controlled dangerous substances ("CDS") seized by law enforcement following a warrantless search of defendant Jonathan E. Lightsey's automobile located in a convenience store parking lot in Elizabeth. The State challenges the trial court's finding that the automobile exception to the warrant requirement did not apply to defendant's vehicle and its grant of defendant's motion to suppress the CDS evidence seized from the search. After our review of the record and application of the relevant legal principles, we reverse.

I.

This matter returns to us after our previous reversal of a separate trial court order suppressing CDS evidence seized from defendant's vehicle. State v. Lightsey, No. A-3780-23 (App. Div. Apr. 8, 2025). There, we relied upon State v. Witt, 223 N.J. 409 (2015), and held that the warrantless search of defendant's vehicle was permitted under the automobile exception to the warrant requirement because the circumstances giving rise to probable cause for the search were both unforeseeable and spontaneous. Lightsey, slip op. at 23.

2

We summarize the background factual history from our prior opinion, which are well known to the parties.

> At [a] suppression hearing [concerning the CDS evidence seized by the police from defendant' vehicle], the State presented Elizabeth Police Officer Liam Kiniery as its sole witness. . . . He testified that on September 13, 2023, he was conducting narcotics patrol in an unmarked police vehicle with [other officers] specifically in and around the parking lot of a convenience store. . . . He stated during his patrol of the parking lot he observed a silver Infiniti with a Giants sunshade covering the front windshield parked between two box trucks. He believed the driver was "trying to disguise [the vehicle]" based on its location and due to "the way it was backed in between [the] two box trucks." He testified as he was circling the convenience store parking lot he noticed a female, known to the police as a narcotics user, engaging in a conversation with the driver of the vehicle.
>
> [Lightsey, slip op. at 3.]

Kiniery testified that, over the next approximately one and a half hours, he observed three separate hand-to-hand transactions between defendant and three different alleged purchasers. As we noted:

> [S]hortly after the third transaction, defendant exited the vehicle. At this point, defendant was identified as the occupant. After exiting the vehicle, the officers observed a female approach and utter something to him and "they both looked in our direction and at our [] vehicle." Kiniery testified he "believe[ed] that our surveillance location was compromised." Defendant

3

then walked across the parking lot and entered the rear entrance to the convenience store.

Kiniery stated upon defendant exiting the convenience store, officers moved in so to avoid defendant "entering the vehicle which, [sic] giving him an option to flee." Officers detained defendant approximately ten to fifteen feet from his car, handcuffed and placed him in the rear of a patrol vehicle. Kiniery testified that he and the other officers, then approached the vehicle, but were "unable to see if there were any other occupants." Based on his observations over the "prior hour and one-half or so," he believed narcotics were in the vehicle. He therefore opened the driver's side door of the vehicle where he observed suspected crack cocaine residue scattered on the front driver's seat. Kiniery testified that he and the other officers recovered "about $660 in U.S. currency only, low denomination, consistent with street level narcotics dealing" from a search of defendant's person. They also recovered twenty-five grams of alleged crack cocaine and sixty glassine envelopes allegedly containing heroin from defendant's vehicle.

[Lightsey, slip op. 5-6.]

Based on the CDS evidence seized from the search, a grand jury returned an indictment charging defendant with second-degree possession of CDS, cocaine, with the intent to distribute, N.J.S.A. 2C:35-5(a)(1); third-degree possession of CDS, cocaine, N.J.S.A. 2C:35-10(a); third-degree possession of CDS, fentanyl, N.J.S.A. 2C:35-10(a); third-degree possession of CDS, fentanyl, with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3)

A-1292-25

and fourth-degree possession of drug paraphernalia with intent to distribute, N.J.S.A. 2C:36-3. Id. at 1.

Following our opinion reversing the trial court's initial suppression order,[1] defendant moved before us for reconsideration. In his motion, defendant asserted the arguments he proffered concerning defendant's "parked and unoccupied vehicle" were not addressed by the trial court or by us on appeal. By order entered on June 27, 2025, we denied the motion, finding the trial court had not entered an order or set forth its reasoning related to the grounds raised in defendant's reconsideration motion, therefore we declined to decide that issue as it was not decided below. Accordingly, we included supplemental language with our order stating, in pertinent part:

> [N]othing in this order denying reconsideration, should be construed as precluding defendant from moving before the trial court to consider and rule on whether defendant's "parked and unoccupied vehicle" theory requires suppression of the evidence found during the automobile exception search.
>
> [State v. Lightsey, No. M-5755-24 (App. Div. June 27, 2025).]

---

[1] Our prior reversal was based on different grounds than those raised in the within appeal.

A-1292-25

On July 18, 2025, defendant moved for reconsideration before the trial court, requesting a ruling on his previously asserted and undecided "parked and unoccupied vehicle" theory. On July 30, 2025, while defendant's motion was pending, the Supreme Court issued its opinion in Fenimore.[2] On September 3, 2025, defendant filed a supplemental brief addressing the impact of Fenimore and the State responded.

After hearing arguments, the court, on remand, relying on Fenimore, granted defendant's motion to suppress the CDS evidence seized, finding, in relevant part:

> [D]efendant was away from the vehicle, arrested, and under police control, and therefore (1) no risk of loss of evidence existed; defendant was alone, defendant had no passengers, police had the car keys, and there were no facts known to the officers or readily apparent that cohorts of the defendant could have accessed the vehicle to destroy evidence. As for (2) risk to public safety, even though police had previous interactions with defendant which roused concern of the possibility of defendant fleeing the area, at the time of the warrantless search, defendant was in custody and could not reach the door handle to his car. Once the defendant was arrested and police had the car keys, the driver and vehicle were no longer a risk to the police or public. Additionally, (3) defendant was not involved in a protracted roadway stop or in a situation where he would feel compelled to consent to a warrantless search. The (4) officers could possibly have obtained a

---

[2] State v. Fenimore, 261 N.J. 364 (2025).

warrant once defendant was arrested based on the testified probable cause. Since defendant was arrested based on the observed hand-to-hand narcotic sales, he was not free to leave. Thus, there was no need to balance the privacy intrusion occasioned by a prompt search against the prolonged detention of the vehicle. After the time of arrest but before the warrantless search, the officers could have obtained a warrant as defendant was no longer free to leave. Lastly, it would not have caused undue burden nor impracticability for the officers (at least seven) who were on scene to guard the automobile while securing a warrant or have the vehicle towed for holding during the wait for a search warrant. Also, the undercover officers maintained surveillance for over two hours, demonstrating no burden on police resources involving this investigation. The fact that several more officers were available (a total of seven) to be on scene for the arrest of defendant shows no burden on resources to guard the vehicle while waiting for a warrant. The facts establish that there was no real or inherent exigency. Therefore, while the officers had probable cause to believe that the car contains evidence of a crime, and the circumstances engendering probable cause were unforeseeable and spontaneous, there is no stand-alone exigent circumstance pursuant to [Fenimore] that justifies a warrantless search of the vehicle pursuant to the automobile exception.

We granted the State leave to appeal, wherein it argues the following single point:

> POINT I
> THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS, INCORRECTLY FINDING THAT THE AUTOMOBILE EXCEPTION DID NOT

7

APPLY TO THE WARRANTLESS SEARCH
OF DEFENDANT'S CAR.

The State contends the trial court erred in finding that the automobile exception did not apply to the warrantless search of the defendant's car, arguing under <u>Witt</u>, the warrantless search of a motor vehicle is permitted when probable cause arises from unforeseeable and spontaneous circumstances, and our prior opinion had already found these conditions were met.[3] It asserts the trial court erred in finding the automobile exception did not apply because the defendant was outside the car and in police custody at the time of the search, thus eliminating exigency. The State claims this finding was clearly erroneous and contrary to precedent, including <u>Witt</u> and <u>Alston</u>.[4]

The State further asserts that the trial court misapplied the law by relying on <u>Fenimore</u>, which involved a search at police headquarters rather than an "on-scene" search, and that the facts of this case are distinguishable because the search occurred contemporaneously with the arrest in a public parking lot, not after "impoundment." It maintains that the trial court's analysis requiring "stand alone" exigent circumstances for an on-scene search misreads <u>Fenimore</u> and

---

[3] <u>Lightsey</u>, slip op. at 23.

[4] <u>State v. Alston</u>, 88 N.J. 211 (1981).

A-1292-25

would effectively eliminate the automobile exception as established in Witt. It also argues that the trial court's factual findings regarding the lack of exigency are unsupported by the record, as the circumstances leading to the ultimate arrest of defendant presented risks to officer and public safety and the potential loss of evidence in a crowded parking lot located in a high-crime area.

Defendant asserts that the warrantless search of his vehicle was not justified under the automobile exception because the circumstances did not meet the legal requirements established by our case law. Defendant asserts that Witt, Smart,[5] and Fenimore outline the current scope of the automobile exception and emphasize that warrantless searches are only permissible during "roadside stops" arising from unforeseeable and spontaneous circumstances, and that no additional exigency was required in Witt due to the "inherent exigency" already built into roadside stops. Defendant claims that Witt's removal of the exigency requirement applies only to cars stopped on the roadside, not to vehicles that are parked and unoccupied, as is the case here.

II.

Our review of a trial court's decision on a motion to suppress evidence is constrained. See Fenimore, 261 N.J. at 372-73. After a testimonial hearing, we

---

[5] State v. Smart, 253 N.J. 156 (2023).

"defer to the trial court's factual findings because the trial court has the 'opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy.'" State v. S.S., 229 N.J. 360, 374 (2017) (quoting State v. Elders, 192 N.J. 224, 244 (2007)). "A trial court's legal conclusions, 'however, and the consequences that flow from established facts,' are reviewed de novo." State v. Bullock, 253 N.J. 512, 532 (2023) (quoting State v. Hubbard, 222 N.J. 249, 263 (2015)).

The Fourth Amendment of the United States Constitution and Article I, Paragraph 7 of the New Jersey Constitution protect against "unreasonable searches and seizures" and generally require a warrant issued upon "probable cause." U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7. "[A] warrantless search is presumptively invalid" unless the State establishes the search falls into "one of the 'few specifically established and well-delineated exceptions to the warrant requirement.'" State v. Edmonds, 211 N.J. 117, 130 (2012) (quoting State v. Frankel, 179 N.J. 586, 598 (2004)).

On a motion to suppress evidence seized without a warrant, the State bears the "burden, by a preponderance of the evidence, to establish" an exception to the warrant requirement applies and that "the warrantless search or seizure of an individual was justified in light of the totality of the circumstances." State v.

Bard, 445 N.J. Super. 145, 155-56 (App. Div. 2016) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)). "The automobile exception is one such exception." State v. Wilson, 478 N.J. Super. 564, 577 (App. Div. 2024) (citing Witt, 223 N.J. at 422).

"The automobile exception to the warrant requirement under the New Jersey Constitution is significantly more protective of motorists' privacy interests than its federal counterpart." Fenimore, 261 N.J. at 374. Police officers may conduct "warrantless on-the-scene searches of motor vehicles in situations where: (1) the police have probable cause to believe the vehicle contains evidence of a criminal offense; and (2) the circumstances giving rise to probable cause are unforeseeable and spontaneous." State v. Rodriguez, 459 N.J. Super. 13, 22 (App. Div. 2019) (citing Witt, 223 N.J. at 447-48).

In Fenimore, the Court outlined the rationales that support New Jersey's more limited automobile exception, stating:

> (1) the risk of the loss or destruction of evidence; (2) the unacceptable risk of serious bodily injury and death to officers, drivers, and passengers from prolonged encounters on the shoulder of a crowded highway; (3) the risk that motorists may feel compelled to consent to warrantless searches of their vehicles, which may be made on less than probable cause, either to avoid the dangers of protracted roadway stops or in the hope of escaping with only a warning rather than a traffic summons; (4) the recognition that, in certain

11

circumstances, the privacy intrusion occasioned by a prompt search based on probable cause is not necessarily greater than a prolonged detention of the vehicle and its occupants while the police secure a warrant; and (5) the undue burden and impracticability of requiring police to post a special police detail to guard the immobilized automobile while pursuing a warrant.

[Fenimore, 261 N.J. at 375 (internal quotations and citations omitted).]

After considering the above rationales, the Court held:

[I]n this case, when the car was parked in a State Police barracks parking lot; police had arrested the driver, removed the passenger, and obtained the keys; and the car was subject to imminent, mandatory impoundment, the automobile exception to the warrant requirement did not apply. The police were therefore required to obtain a warrant before searching the vehicle.

[Id. at 376.]

The Court further clarified, "[a]s an initial matter, there was no 'on-scene search' here: the car was searched in a police barracks parking lot, not on the scene of a motor vehicle stop or any other incident." Id. at 377 (emphasis added).

The Court referenced its holding in Witt, which had

part[ed] from federal jurisprudence that allows a police officer to conduct a warrantless search at headquarters merely because he could have done so on the side of the road. [Witt] expressly noted that '[w]hatever inherent

12

exigency justifies a warrantless search at the scene under the automobile exception certainly cannot justify the failure to secure a warrant after towing and impounding the car at headquarters when it is practicable to do so.' [Witt] at 448-49.

[Id. at 376-377 (second and fourth alteration in original) (first citation and quotation omitted).]

Based on the record in the instant matter, which is substantially undisputed, police surveilled defendant's vehicle parked in a busy convenience store parking lot located in a high drug trafficking area and observed three alleged separate hand-to-hand CDS transactions out of the parked vehicle. After the last exchange, defendant exited his vehicle, and the suspected purchaser pointed out the unmarked police vehicle to him. Thereafter, defendant looked at the officers and walked into the store. At that point, because defendant had exited his vehicle, was identified by the police, and entered the convenience store, they pursued defendant. Kiniery testified that their pursuit of defendant was also based on a prior investigation where a search warrant had been issued concerning defendant and, while executing the warrant, defendant "fled in his vehicle which caused several motor vehicle accidents." Lightsey, slip op. at 4. Subsequently, as defendant was exiting the store and approaching his vehicle, he was arrested and searched, resulting in the confiscation of $660. Id., slip op. at 20.

A-1292-25

During this search, the police also obtained defendant's vehicle key. Thereafter, Kiniery testified after opening the vehicle's driver's side door he observed a white powdery substance on the seats and recovered twenty-five grams of alleged crack cocaine and sixty glassine envelopes allegedly containing heroin from defendant's vehicle. Id., slip op. at 6.

Turning to the instant matter, we conclude the factual circumstances here do not support defendant's contention that the Court's holding in Fenimore is apposite. The record shows defendant was observed allegedly distributing CDS from his vehicle on three occasions while it was parked in a busy public convenience store parking lot. Defendant's vehicle only became a "parked and unoccupied" vehicle when he exited the vehicle. Shortly thereafter he was alerted to the police's presence by an alleged buyer and went into the store before police pursued and arrested him.

In Fenimore, the Court, relying on Witt, stressed that New Jersey's "automobile exception is limited 'to on-scene warrantless searches.'" Id. at 375 (quoting Witt, 223 N.J at 449). In support of is holding that the automobile exception was not applicable, the Court underscored "there was no 'on-scene search' [of defendant's vehicle]: the car was searched in a police barracks

A-1292-25

parking lot, <u>not on the scene of a motor vehicle stop or any other incident</u>." <u>Id.</u> at 377 (emphasis added).

Relying on <u>Witt</u>, we determined in the prior appeal that the probable cause for the search arose spontaneously and was unforeseeable and therefore, the automobile exception applied. We see no sufficient reason to depart from our prior holding based on defendant's "parked and unoccupied vehicle" theory or because of his contention that the <u>Witt</u> standard only applies to vehicles on a "roadway."

Based on the factual record before us, we determine the search of defendant's vehicle, unlike <u>Fenimore</u>, was "on-scene" and at the location of the "incident," as held in <u>Witt</u>. The defendant's vehicle was already stationary when police began to surveil it, so there was no "stop." We conclude the warrantless search in this instance that occurred within a short time period after defendant exited his vehicle and was arrested satisfied the automobile exception standards. The surrounding events, all occurring in a public parking lot, fit within "New Jersey's 'automobile exception' [which is limited] 'to on-scene warrantless searches.'" <u>Fenimore</u>, 261 N.J. at 377. We conclude there is no legal distinction here because the vehicle was parked rather than stopped by the police, as

probable cause arose supporting the search based on the observation of three alleged drug transactions out of the parked vehicle.

The record clearly establishes that the search of defendant's vehicle was "on-scene" because it occurred at the location of the stop or, at a minimum, at the location of the "incident," as set forth in Fenimore, because it was in the parking lot during the entirety of the police surveillance and at the time probable cause arose by way of the police observation of three suspected drug transactions. This scenario was unlike the defendant's automobile in Fenimore, because that vehicle was located at a police barracks parking lot and probable cause was not established spontaneously and unforeseeably to support the warrantless search there.

Here, defendant's vehicle remained in the public parking lot from the time the surveillance began, when police observed three alleged drug exchanges, and during the pursuit and arrest of defendant while he was walking to reenter his car, which all occurred immediately before the search. The record exhibits these events all occurred at the scene of the incident, i.e. the parking lot of the convenience store.

In addition, we are not persuaded by defendant's categorical contention that a vehicle must be stopped on a roadway for Witt to apply. We previously

16

concluded the search was conducted "on-scene" or at the "incident" consistent with the legal principles set forth in Witt, and as referenced in Fenimore, to support the warrantless search under the automobile exception. We point out that Fenimore does not explicitly state or require that the vehicle be on a roadway after a stop for the Witt standard to apply. Further, we have previously held "Witt to establish a simple binary test for determining where an automobile-exception search can be executed: provided the State has proved probable cause arose spontaneously and unforeseeably, searches conducted on-scene are permitted; searches conducted off-scene are not." State v. Courtney, 478 N.J. Super. 81, 99 (App. Div. 2024). The search must be conducted while the vehicle is still at the scene of the stop. Id. at 94, citing Witt, 223 N.J. at 449. We are, therefore, unpersuaded that there is a sufficient distinction between defendant's vehicle that was parked in a public parking lot and a vehicle stopped on the side of a roadway based on the totality of circumstances herein, including the contemporaneous nature of (1) the start of police surveillance; (2) defendant's exiting his vehicle; (3) law enforcement's pursuit and arrest of defendant while attempting to reenter his vehicle based on their knowledge of defendant's previous fleeing incident; and (4) the immediate entry and search of his vehicle shortly after his arrest.

Further, we are unconvinced that defendant's vehicle being "parked" and "unoccupied," or that police could have impounded the vehicle and applied for a search warrant obviates the automobile exception. In <u>Rodriguez</u> we found "the police officers were not required to impound defendant's vehicle in order to search it under the circumstances presented" because "probable cause and spontaneity, were satisfied." 459 N.J. Super. at 15. We further noted our Supreme Court outlined that "the automobile exception is not nullified 'merely because the particular occupants of the vehicle may have been removed from the [vehicle], arrested, or otherwise restricted in their freedom of movement[.]'" <u>Id.</u> at 22 (alterations in original) (quoting <u>Witt</u>, 223 N.J. at 428).

Based on our above determinations, we conclude the trial court's finding that the automobile exception did not apply to the subject search and its order granting defendant's suppression motion was a misapplication of its discretion and legally erroneous.

To the extent we have not specifically addressed any of the State's or defendant's remaining legal arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

18